UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK MORGAN,

                  Plaintiff,

    v.

T. BUCHINGER,

                  Defendant.

**REPORT
and
RECOMMENDATION**

**05-CV-0192S(F)**

---

APPEARANCES:        DERRICK MORGAN, *Pro Se*
                              02-A-2730
                              Wallkill Correctional Facility
                              Box G
                              Wallkill, New York 12589

                              ANDREW M. CUOMO
                              Attorney General, State of New York
                              Attorney for Defendant
                              MICHAEL A. SIRAGUSA
                              Assistant Attorney General, of Counsel
                              107 Delaware Avenue
                              Fourth Floor
                              Buffalo, New York 14202

## JURISDICTION

This action was referred to the undersigned by Honorable William M. Skretny on February 22, 2007, for pretrial matters, including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion for summary judgment (Doc. No. 25), filed February 12, 2007.

## BACKGROUND and FACTS[1]

Plaintiff Derrick Morgan ("Plaintiff" or "Morgan") commenced this civil rights

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

action *pro se* while incarcerated at Groveland Correctional Facility ("the facility") in Sonyea, New York, alleging Defendant Correctional Officer T. Buchinger ("Defendant" or "Buchinger"), violated Plaintiff's civil rights by issuing a misbehavior report to retaliate against Plaintiff for filing a grievance against Defendant.  In particular, on February 1, 2005, Plaintiff filed an inmate grievance ("the grievance") alleging Defendant had threatened Plaintiff.  On February 25, 2005, the grievance was denied.  On February 28, 2005, Defendant filed an inmate misbehavior report ("the misbehavior report") charging Plaintiff with refusing to obey a direct order, specifically, not to throw cigarette butts on the ground.  On March 3, 2005, Plaintiff appeared at a hearing ("the disciplinary hearing") held on the misbehavior report and pleaded not guilty to the pending charge.  The hearing officer found Plaintiff guilty of the charged misbehavior and, on March 3, 2005, Plaintiff appealed the hearing decision to the facility's Superintendent.  On March 7, 2005, the Superintendent affirmed the hearing decision. Plaintiff then commenced this action on March 21, 2005.

On February 5, 2007, Defendant filed a motion for summary judgment (Doc. No. 25) ("Defendant's Motion"), supported by the Declaration of Todd A. Buchinger (Doc. NO. 26) ("Buchinger Declaration"), a Statement of Facts (Doc. No. 27) ("Defendant's Facts Statement"), and a Memorandum of Law (Doc. No. 28) ("Defendant's Memorandum").  In opposition to summary judgment, Plaintiff filed on May 9, 2007, Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. No. 34) ("Plaintiff's Response").  Oral argument was deemed unnecessary.

Based on the following, Defendant's motion for summary judgment should be GRANTED on the merits of the action; alternatively, Defendant's motion should be

DENIED with regard to qualified immunity.

**DISCUSSION**

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). Furthermore, although summary judgment may be granted prior to completion of discovery, Rule 56(f) provides that, where it appears from the affidavits of party opposing summary judgment that party is unable to present by affidavit facts sufficient to avoid summary judgment, the court may either deny summary judgment, or order discovery necessary to obtain such facts.

Pursuant to § 1983, an individual may seek damages against any person who, under color of state law, subjects such individual to the deprivation of any rights,

privileges, or immunities protected by the Constitution or laws of the United States. Infringement of a federal right must be alleged in asserting a §1983 civil rights claim. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In particular, § 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"Section 1983 'is not itself a source of a substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil rights action under 42 U.S.C. § 1983 requires the plaintiff establish the challenged conduct was committed by persons acting under color of state law and deprived plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States. *Adickes v. S.H. Kress & Co., Inc.*, 398 U.S. 144, 150-51 (1971).  Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 394, (1989); and *Baker*, *supra*, at 140.)

In the instant case, Plaintiff alleges infringement of his rights under the First and Fourteenth Amendments when Defendant issued a false misbehavior report to retaliate

against Plaintiff for filing an earlier inmate grievance against Defendant.[2]  Complaint at 5, First Claim for Relief.  Defendant moves for summary judgment on the ground that Plaintiff has failed to state a claim for retaliation given that even if Defendant were motivated to file the subject misbehavior report to retaliate against Plaintiff for filing the inmate grievance against Defendant, the record establishes that Defendant had a legitimate non-retaliatory reason for filing the misbehavior report.[3]  Defendant's Memorandum at 3-7.  Plaintiff argues in opposition that Defendant was unable to answer at the disciplinary hearing the question as to where Plaintiff was required to dispose of his cigarette butt.  Plaintiff's Response at 14-15.

"An allegation that a prison official filed false disciplinary charges in retaliation for the exercise of a constitutionally protected right, such as the filing of a grievance, states a claim under § 1983.  *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (citing *Franco v. Kelly*, 854 F.2d 584, 589-90 (2d Cir. 1988)).  "A plaintiff alleging retaliatory punishment 'bears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the

---

[2] An inmate's § 1983 action challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), such that the inmate need not first establish that the inmate disciplinary proceedings were terminated in the inmate's favor.  *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999).

[3] It is not evident from the record that Plaintiff exhausted administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA") given that the document Plaintiff submits in support of his statement that he has complied with exhaustion requirements is a copy of the appeal from Plaintiff's disciplinary hearing.  Complaint Exh. E.  Defendant, however, has not moved for summary judgment on that ground.  Although exhaustion under the PLRA is "mandatory," such exhaustion is non-jurisdictional.  *Handberry v. Thompson*, 436 F.3d 52, 59 (2d Cir. 2006).  Rather, the "failure to exhaust is an affirmative defense."  *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 918 (2007).  Defendant did assert Plaintiff's failure to exhaust as an affirmative defense, Answer ¶ 12, and, thus, has not waived the defense.  Nevertheless, as the deadline for filing dispositive motions has passed, Defendant cannot raise such defense as a ground for summary judgment absent a showing of good cause to amend the scheduling order.

prison official's decision to discipline the plaintiff.'" *Gayle*, 313 F.3d at 682 (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).  Once the plaintiff's burden is satisfied, "[t]he burden then shifts to the defendant to show that the plaintiff would have received the same punishment even absent the retaliatory motivation." *Id*. (citing *Graham*, 83 F.3d at 80).  This burden can be met "by demonstrating that there is no dispute that the plaintiff 'committed the most serious, if not all, of the prohibited conduct charged in the misbehavior report.'" *Id*. (quoting *Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir.) (*per curiam*), *cert. denied*, 525 U.S. 907 (1998)).  *See Lawrence v. Achtyl*, 20 F.3d 529, 535 (2d Cir. 1994) (holding defendants met burden where "it was undisputed that [the plaintiff] had in fact committed the prohibited conduct").

In the instant case, Plaintiff, by alleging that Defendant filed a false misbehavior report to retaliate against Plaintiff for filing an earlier inmate grievance against Defendant, has met the first prong to state a valid claim for retaliation in violation of the First Amendment.  Specifically, the filing of an inmate grievance is protected by the First Amendment.  *Davis v. Goord*, 320 F.3d 346, 352-53 (2d Cir. 2003) (filing of prison grievances is activity protected by the First Amendment).  As to the second prong, Plaintiff alleges that Defendant filed the false misbehavior report to retaliate against Plaintiff's earlier filing of the grievance.  Nevertheless, Plaintiff cannot, on this record, avoid summary judgment.

With Plaintiff having stated a valid claim for retaliation in violation of the First Amendment, the burden shifts to Defendant to demonstrate that the plaintiff would have received the same punishment even absent any retaliatory motive.  *Gayle*, 313 F.3d at 682 (citing *Graham*, 83 F.3d at 80).  Defendant maintains that regardless of any

improper motive, the fact that following the disciplinary hearing, Plaintiff was found guilty as charged in the misbehavior report, and that such decision was upheld on appeal to the facility's Superintendent, establishes that Plaintiff did, in fact, violate Department of Correctional Services ("DOCS") rule, and that such violation justified the filing of the misbehavior report.  Defendant's Memorandum at 6.

Although Plaintiff maintains that at the disciplinary hearing Defendant was unable to point to any log containing a reference to a direct order given to Plaintiff not to dispose of his cigarette butts on the facility's floor, or to any regulation requiring Plaintiff not to dispose of a cigarette butt on the floor of the facility, Plaintiff's Response at 10-15, a plain reading of the misbehavior report establishes that Plaintiff was charged with disobeying a direct order in violation of DOCS Directive 106.10, and littering in violation of DOCS Directive 118.25.  Significantly, Plaintiff does not deny that he disposed of the cigarette butt on the facility's floor, in violation of DOCS Directive 118. 25, despite Defendant's order not to do so, in violation of DOCS Directive 106.10.

Accordingly, Defendant has established that even if he were motivated by a desire to retaliate against Plaintiff for filing the inmate grievance against Defendant, the facts establish that Defendant was justified in filing the misbehavior report against Plaintiff.  As such, summary judgment in favor of Defendant should be GRANTED.

Alternatively, Defendant argues he is qualifiedly immune from liability in the instant action.  Defendant's Memorandum at 7-10.  In opposition, Plaintiff contends that Defendant is not entitled to qualified immunity because Plaintiff's right to filed an inmate grievance was clearly established when the alleged false misbehavior report was issued.  Plaintiff's Response at 16-17.

The doctrine of qualified immunity "shields a government official acting in an official capacity from suit for damages under § 1983 unless the official 'violated clearly established rights of which an objectively reasonable official would have known.'" *Blouin v. Spitzer*, 356 F.3d 348, 359 (2d Cir. 2004) (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)). "The determination generally involves a two-step inquiry: do the facts alleged show the officer's conduct violated a constitutional right, and, if so, was the right in question clearly established?" *Blouin, supra* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Here, the record before the court fails to establish that qualified immunity shields Defendant from the instant litigation.

In particular, the facts, as alleged in the Complaint and viewed in the light most favorable to Plaintiffs as required on summary judgment, *Rattner*, 930 F.2d at 209, assert that Defendant violated Plaintiff's rights to petition the government for redress of grievances by filing a false misbehavior report to retaliate against Plaintiff for filing an inmate grievance against Defendant. Complaint at 5, First Claim for Relief. At the time of the alleged constitutional violations, Plaintiff's right to file an inmate grievance without being retaliated against was well established. *Davis*, 320 F.3d at 352-53 (filing of prison grievances is activity protected by the First Amendment).

As such, Defendants' summary judgment motion, insofar as it alternatively asserts the defense of qualified immunity, should be DENIED.

**CONCLUSION**

Based on the foregoing, Defendant's motion for summary judgment (Doc. No. 25), should be GRANTED on the merits of the action; alternatively, Defendant's motion should be DENIED with regard to qualified immunity.

                                              Respectfully submitted,

                                              /s/ *Leslie G. Foschio*

                                              LESLIE G. FOSCHIO
                                    UNITED STATES MAGISTRATE JUDGE

DATED:    August 10, 2007
                Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   August 10, 2007
         Buffalo, New York